UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR MANUEL PLACIDO PELAEZ,

                Petitioner,
   -vs-                                **No. 6:19-cv-06652(MAT)**
                                          **DECISION AND ORDER**

WILLIAM P. BARR, United States
Attorney General; CHAD F. WOLF,
Acting Secretary of the Department
of Homeland Security; THOMAS J.
FEELEY, Field Office Director for
Detention and Removal, Buffalo
Field Office, Bureau of Immigration
and Customs Enforcement; DEPARTMENT
OF HOMELAND SECURITY; and JEFFREY
J. SEARLS, Facility Director,
Buffalo Federal Detention Facility,

                Respondents.

## I. Background

Victor Manuel Placido Pelaez ("Petitioner"), an alien under a final order of removal, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the basis that his detention in the custody of the Department of Homeland Security ("DHS"), Immigrations and Customs Enforcement ("ICE") pending his removal from the United States, violates his constitutional right to due process. Respondents (hereinafter, "the Government") filed a Motion to Dismiss the Petition as moot (ECF #9) as a result of Petitioner's deportation from the United States.

For the reasons discussed herein, the Court grants Respondent's Motion to Dismiss and dismisses the Petition as moot.

## II. Discussion

The case-or-controversy requirement in Article III, § 2, of the Constitution, is carried "through all stages of federal judicial proceedings" and means that "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); accord Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). In other words, throughout all phases of a lawsuit, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 484 U.S. at 477.

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, Petitioner's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Petitioner seeks is release from custody.[1] As the Petition is based only on

---

[1] If Petitioner sought to challenge his removal, this Court would be precluded from exercising jurisdiction over his Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. Immigration & Naturalization Serv., 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D.Conn. Mar. 10, 2006).

Petitioner's allegedly unlawful detention in DHS custody, and not on the underlying removal order from which the detention flowed, the issue is whether Petitioner suffers from any "collateral consequences" of detention now that he is no longer "in custody" of DHS. Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338, 340–41 (W.D.N.Y. 2009).

"The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." Denis, 634 F. Supp.2d at 341 (collecting cases). Likewise, a petition is rendered moot when an alien is released from detention upon the execution of an order of removal. See, e.g., Singh v. Mule, 07-CV-6387-CJS-VEB, 2009 WL 204618, at *9 (W.D.N.Y. Jan. 27, 2009) ("By virtue of his removal from the United States, Singh has been released from his detention in administrative custody of DHS. This release from detention was the only relief he requested in his petition pending before this Court. Thus, since there is no effectual relief that this Court can now provide to Singh, his habeas petition has been rendered moot.") (internal quotations and citation omitted).

Here, DHS effectuated Petitioner's removal from the United States on December 9, 2019. See Respondents' Memorandum of Law (ECF #9) at 2 & n.1 (citing Declaration of Daniel B. Moar, Esq., ¶6 &

Exhibit 2 (Warrant of Removal)). In so doing, DHS necessarily released Petitioner from administrative custody. Where, as here, the relief sought in the Petition—release from custody—has been granted, the Petition no longer presents a live case or controversy within the meaning of Article III, § 3 of the Constitution. Consequently, the Court must dismiss the Petition based on the absence of subject matter jurisdiction. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) ("To sustain [federal] jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed. . . .").

**III. Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss (ECF #9) is granted, and the Petition (ECF #1) is dismissed as moot. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/ Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: January 8, 2020
Rochester, New York